# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 276 | **DATE** | 6/8/2001 |
| **CASE TITLE** | Estwing Manufacturing Co. vs. Cal-Rainbow Products, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/21/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Estwing is entitled to litigate its case in the forum it chose. Accordingly, we deny Cal-Rainbow's motion (Doc 14-1) to transfer venue. All other pending motions are denied as moot. Ruling set for June 21, 2001 is stricken. Counsel are still directed to appear for status on June 21, 2001 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 1 1 2001 | |
| | Notified counsel by telephone. | date docketed | **Document Number** |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SCT | courtroom deputy's initials | FILED FOR DOCKETING
01 JUN -8 PM 2: 04 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTWING MANUFACTURING COMPANY, INC., a Delaware company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 01 C 0276 |
| CAL-RAINBOW PRODUCTS, INC., d/b/a Forgecraft, a California corporation; and VALUEHUNT, INC., a California corporation, | ) ) ) ) | |
| Defendants. | ) | |

DOCKETED
JUN 1 1 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is Defendant Cal-Rainbow Products, Inc.'s Motion for Transfer of Venue. For the following reasons, we deny the motion.

Plaintiff Estwing Manufacturing Company, Inc. ("Estwing") makes steel-handle hand tools sold in retail stores across the United States. The tools have distinctive blue hand grips for which Estwing obtained a trademark. Defendant Cal-Rainbow Products, Inc. ("Cal-Rainbow") allegedly manufactures and sells tools of a similar size and shape to Estwing's tools that feature a similarly distinctive blue grip.

Estwing brought a trademark infringement action in the United States District Court for the Northern District of Illinois against Cal-Rainbow and Valuehunt, Inc. Estwing's principal place of business is in Illinois. Cal-Rainbow is incorporated in and has its principal place of business in California. We denied Cal-Rainbow's motion to dismiss for lack of personal jurisdiction in our Memorandum Opinion of April 11, 2001. Now Cal-Rainbow moves to transfer venue to the Central District of California pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

For the convenience of parties and witnesses and the interest of justice, a district court may transfer any civil action to any other district where it might have been brought. See 28 U.S.C. § 1404(a). To obtain such a transfer, the moving party must demonstrate that (1) venue is proper in the transferor district, (2) venue is proper in the transferee district, and (3) the transfer is for the convenience of the parties and the witnesses and is in the interest of justice. See id.; H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp., 979 F. Supp. 627, 629 (N.D. Ill. 1997). The weighing of these factors "necessarily involves a large degree of subtlety and latitude" and is therefore committed to the discretion of the trial court. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

Cal-Rainbow seeks transfer of the case to the Central District of California. It is undisputed that venue would be proper in that District, as it is here, so the question becomes whether Cal-Rainbow has established that the transfer would serve the convenience of the parties and the witnesses and would be in the interest of justice. See 28 U.S.C. § 1404(a). As the party seeking transfer, Cal-Rainbow has the burden of demonstrating that the Central District of California is clearly more convenient. See Coffey, 796 F.2d at 219-20. We evaluate convenience to the parties and witnesses in light of the following considerations: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties of litigating in the respective forums. See Millennium Prods. Inc. v. Gravity Boarding Co., Inc., 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000).

In the case at bar, we give substantial weight to Estwing's choice of the Northern District. It is Estwing's home district and, as we outlined in our previous Memorandum Opinion, this District was the situs of several material events related to this lawsuit. See Mem. Op. of April 11, 2001, at 7-8. As an Illinois company allegedly targeted by Cal-Rainbow, Estwing suffered its alleged injury here. Estwing has also alleged that the infringement caused a likelihood of confusion among consumers in this District, including at the trade shows where Cal-Rainbow purportedly displayed

infringing tools. All of these considerations weigh toward retaining the case in the Northern District.

With respect to the relative ease of access to sources of proof, Cal-Rainbow clings to bare assertions about its witnesses, documents and other evidence to try to sway the balance of these factors in its papers. It insists that "[a]ny and all witnesses, documents and evidence relating to the design, manufacture, promotion and sale of the allegedly infringing hand tools as well as most, if not all, of the alleged confusion are in California." (Reply Brf. at 3.) This latter contention is unfounded, as we have just recited Estwing's allegation that some consumer confusion occurred in Illinois. As for the former contention about witnesses and documents, it may be true that those witnesses and documents related to the infringing tools are located in California. This consideration does not tilt the scales, however, because a trademark infringement action will necessarily require some comparison of the allegedly infringing product to the allegedly infringed product. Accordingly, the location of witnesses and documents pertaining to the infringed product is also an important consideration. According to Estwing's President, those witnesses and documents are located in Illinois. (Youngren Aff. ¶¶ 3-4.)

In closing, we reiterate that Cal-Rainbow bears the burden of demonstrating that the Central District of California is clearly more convenient. See Coffey, 796 F.2d at

- 4 -

219-20. To carry this burden, Cal-Rainbow must do more than offer vague and conclusory notions of why it should litigate in California. Cal-Rainbow has not carried this burden. In its brief, Cal-Rainbow protests that it is not required to submit affidavits to support its section 1404(a) motion. While this may be true, it is equally true that Cal-Rainbow cannot succeed based on vague and undeveloped ideas. Rather, Cal-Rainbow must at least crystallize reasons why transfer is warranted. Because the company has not done so, we are left with the general sense that it seeks transfer because it would be more convenient to them. This reason is unavailing, as we cannot grant a motion to transfer venue under section 1404 simply to shift the balance of inconvenience from the defendant to the plaintiff. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989); Millenium Prods. Inc. v. Gravity Boarding Co., Inc., 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000).

## CONCLUSION

Under the aforementioned circumstances, Estwing is entitled to litigate its case in the forum it chose. Accordingly, we deny Cal-Rainbow's motion to transfer venue.


Charles P. Kocoras
United States District Judge

Dated: June 8, 2001